UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOAN ALLEN | CIVIL ACTION NO. 6:11-cv-01813 |
| VERSUS | JUDGE HAIK |
| LOWE'S HOME CENTERS, INC. d/b/a LOWE'S AND EDWIN GREEN | MAGISTRATE JUDGE HANNA |

### ORDER

The defendants removed this case from a local state court, alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332 which confers jurisdiction on civil actions when the parties are diverse and the amount in controversy exceeds $75,000.00. The undersigned has reviewed the pleadings to determine whether the requirements for diversity jurisdiction have been satisfied.

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1]  Therefore, the defendants must bear that burden.

The allegations of the plaintiff's petition are sufficient to establish that it is facially apparent that the amount in controversy has been satisfied, Ms. Allen having

---

[1] *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-1254 (5th Cir. 1998).

undergone back surgery that she alleges is causally connected to the injury described in her complaint.

The defendants have also established that the plaintiff and defendant Lowe's Home Centers, Inc. are diverse in citizenship.  With regard to defendant Edwin Green, however, the defendants contend that Mr. Green's citizenship should be disregarded because he was fraudulently joined in order to defeat this court's jurisdiction over this matter.  The removing party bears the burden of demonstrating improper joinder.[2]  Improper joinder may be established by demonstrating either that there was actual fraud in the pleading of jurisdictional facts or by demonstrating the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[3]

Whether Mr. Green was fraudulently joined is a threshold matter bearing on the court's jurisdiction.  Accordingly,

IT IS ORDERED that the defendants shall submit a brief, not later than 21 days after the date of this order, in support of their contention that Mr. Green was fraudulently joined.

IT IS FURTHER ORDERED that the plaintiff shall then have 14 days from the submission of the defendants' brief to file a response to the plaintiff's brief.

---

[2] *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

[3] *Smallwood v. Illinois Central*, 385 F.3d 568, 573 (5th Cir. 2004).

IT IS FURTHER ORDERED that the defendants will then have 7 days in which to file a reply brief.

IT IS FURTHER ORDERED that no oral argument on this issue will be held unless requested by a party.

Signed at Lafayette, Louisiana, this 28th day of November 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)